**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Unison "HomeOwner Agreement" Equity Option Contract, Marketing and Sales Practices Litigation | MDL No. 3201 |

**DECLARATION OF BETH E. TERRELL IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR TRANSFER TO THE EASTERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. §1407**

I, Beth E. Terrell, hereby declare as follows:

1. I am a member of good standing of the Washington Bar and a member at Terrell Marshall Law Group, PLLC ("Terrell Marshall"). I have nearly 30 years of experience prosecuting multi-plaintiff, collective, mass and class litigation on behalf of consumers and workers. I am one of Plaintiffs' counsel in *Coffin, et al. v. Unison Agreement Corporation, et al*., Case No. 1:26-cv-01587-ENV-TAM ("New York Action"), J.P.M.L. Dkt. 1-5, alongside the New York Legal Assistance Group and Schlanger Law Group (together, "New York Counsel"). The New York Action is one of the proposed class actions that Defendants Unison Agreement Corp., Unison Investment Management, LLC, Real Estate Equity Exchange, Inc., Unison Midgard Holdings LLC, and Odin New Horizon Real Estate Fund LP (collectively, "Defendants" or "Unison") seeks to have transferred and consolidated into a Multidistrict Litigation (MDL).

2. I have personal knowledge of the matters set forth herein and could and would testify competently about them if called upon to do so. This Declaration is submitted in support of Plaintiffs' Joint Response in Opposition to Defendants' Motion for Transfer to the Eastern District of New York Pursuant to 28 U.S.C. § 1407 ("Joint Opposition").

**The New York Action**

3. Plaintiffs filed their operative complaint in the New York Action on May 11, 2026, on behalf of themselves and a class of New York residents who had entered HomeOwner Agreements with Unison. J.P.M.L. Dkt. 1-5.

4. The New York Action raises claims under New York state law and regulations, including the New York General Obligations Law § 5-501, New York laws on deceptive business practices and false advertising, New York G.B.L. §§ 349, 350, and New York mortgage lending laws, N.Y. Banking L. §§ 6-l, 590, and 590-b.

5. Among other forms of relief, Plaintiffs seek equitable reformation of Unison's form agreements encumbering their properties.

6. Plaintiff Dawn Whitbeck does not have an applicable arbitration agreement in her Unison HomeOwner Agreement. As Unison acknowledges, it did not begin including arbitration clauses in its HomeOwner Agreements until November or December 2019. Declaration of Randall Lehner, J.P.M.L Dkt.1-10 at ¶ 4. Ms. Whitbeck entered into her HomeOwner Agreement in 2018.

7. If the New York Action is consolidated into an MDL in which the enforceability of Unison HomeOwner Agreement arbitration provisions is at issue, it will not promote efficiency, but rather cause needless delay that will prejudice Ms. Whitbeck. For example, the New York Action alleges that Unison HomeOwner Agreements have and continue to harm Plaintiffs and proposed class members, in part, because the agreements contain numerous provisions that prevent homeowners from having agency over their own homes. *E.g.*, J.P.M.L. Dkt. 1-5 at ¶ 155-159.

8. Based on these features of the Agreements, homeowners may need relief expeditiously, including potential interim relief. Transfer of the New York Action will only cause delay, particularly given the potential for resolution of subject matter jurisdiction issues upon transfer, as outlined in the Joint Opposition. Relief will be most expeditiously achieved by the proposed class's home court, which unquestionably has subject matter jurisdiction over plaintiffs' real property, and knowledge of available remedies under New York law.

**Plaintiffs' Counsel in the Underlying Actions Commit to Informal Coordination**

9. New York Counsel does not believe an MDL is necessary here.

10. New York Counsel have consistently confirmed that they share Defendants' interest in avoiding duplication of efforts and other inefficiencies, including through coordination with related actions.

11. When Defendants stated that they were exploring their options to coordinate the pending actions against them, for example, New York Counsel invited their proposals for coordinated discovery. Joint Opposition, Exhibit 1 at 12:5-10 ("[W]e're always open to proposals of how to coordinate discovery to make it more streamlined").

12. When Defendants informed New York Counsel on July 28, 2026, that they would seek to have certain of the federal actions transferred and consolidated into a Multidistrict Litigation (MDL), New York Counsel asked whether Unison would consider the alternative of voluntary consolidation through Section 1404 transfer and reiterated their proposal several times over the following days. Defendants ultimately rejected that alternative.

13. New York Counsel subsequently identified the jurisdictional issues raised by the local action doctrine, *See* Joint Opposition, Section I.B. New York Counsel now believes that voluntary consolidation in the Northern District of California would not promote efficiency.

However, their initial offer to voluntarily consolidate there was made in good faith and is emblematic of their continued willingness to coordinate to avoid duplication or protracted proceedings.

14. As set forth below, New York Counsel has been informally coordinating with plaintiffs' counsel for all actions identified in Defendants' Schedule of Related Actions at J.P.M.L. Dkt. 1-2. New York Counsel is open and willing to coordinate on discovery with other plaintiffs' counsel and Defendants to avoid duplication of discovery efforts and to ensure the most efficient and timely administration of these cases. New York Counsel believes that such informal coordination is particularly appropriate here and will be more efficient than formal consolidation where the operative facts are similar across the related actions and not significantly disputed between the parties.

15. Terrell Marshall is also co-counsel in a proposed class action pending in California state court, *Gout et al., v. Unison Agreement Corp., et al*, Case No. CGC-25-629062 (Super. Ct. San Francisco), with the National Consumer Law Center, one of plaintiffs' attorneys who have proposed class actions subject to the Motion for Transfer, including *Cuvellier, et al. v. Unison Agreement Corporation, et al.*, Case No. 3:26-cv-30126-MGM *(*D. Mass), J.P.M.L Dkt. 1-10. Briefing on Defendants' demurrer in the *Gout* case is underway. The *Gout* case is not subject to Defendants' Transfer Motion.

16. Terrell Marshall is open and willing to coordinate discovery between the California state court action and the pending federal class actions against Defendants.

17. Given Terrell Marshall's overlapping representation in several cases against Unison, coordinated discovery across actions – including, as appropriate, the California state court action – can be effectively and efficiently achieved.

18. Furthermore, New York Counsel is open and willing to participate in a governance structure of Plaintiffs' counsel to further facilitate coordination among the pending actions.

19. New York Counsel does not believe that consolidation is appropriate or necessary for these cases to proceed efficiently.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and was executed in Seattle, Washington on the date set forth below.

Dated: September 8, 2026

Beth E. Terrell