**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Unison "HomeOwner Agreement" Equity Option Contract, Marketing and Sales Practices Litigation | MDL No. 3201 |

**DECLARATION OF ELIZABETH ANISKEVICH IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR TRANSFER TO THE EASTERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. §1407**

I, Elizabeth Aniskevich, hereby declare as follows:

1. I am a member in good standing of the District of Columbia Bar and Senior Counsel at Singleton Schreiber, LLP (SSLLP). I have approximately 15 years of experience with complex litigation, including class actions and consumer protection. I am counsel for Plaintiffs in *Kane et al. v. Unison Agreement Corp. et al.*, No. 1:26-cv-01444-GPG-NRN (D. Colo.) ("Colorado Action"), J.P.M.L. Dkt. 1-6, one of the putative class actions that Defendants Unison Agreement Corp., Unison Investment Management, LLC, Real Estate Equity Exchange, Inc., Unison Midgard Holdings LLC, and Odin New Horizon Real Estate Fund LP (collectively "Defendants" or "Unison") seeks to have transferred and consolidated into a Multidistrict Litigation (MDL).

2. I have personal knowledge of the matters set forth herein and could and would testify competently about them if called upon to do so. This Declaration is submitted in support of Plaintiffs' Joint Opposition to Defendants' Motion for Transfer to the Eastern District of New York Pursuant to 28 U.S.C. § 1407 ("Joint Opposition").

**The Colorado Action**

3. Plaintiffs filed the operative complaint in the Colorado Action on June 8, 2026, on behalf of themselves and a class of Colorado residents with Unison HomeOwner and HomeBuyer Agreements (collectively Agreements). J.P.M.L. Dkt. 1-6.

4. The Colorado Action raises claims under Colorado state law, including the Colorado Uniform Consumer Credit Code (C.R.S. §§ 5-5-109, 5-3-101, 5-3-110), Colorado's residential mortgage lending laws (C.R.S. § 38-40-101 *et seq.*), and Colorado's reverse mortgage laws (C.R.S § 11-38-101 *et. seq*.). The Colorado Action also alleges that the Unison Agreement is unconscionable and that Defendants engaged in unfair and/or deceptive business practices under the Colorado Consumer Protection Act (C.R.S. § 6-1-101 *et. seq.*).

5. Among other things, Plaintiffs in the Colorado Action seek equitable relief to void, rescind, terminate, and/or reformulate Defendants' Agreements as well as order that the Clerk and Recorder's Offices throughout Colorado release all documents associated with consumers' respective Agreements.

6. Plaintiffs Kanes and Plaintiffs Williams do not have an applicable arbitration agreement in their Unison Agreement. As Unison acknowledges, it did not begin including arbitration clauses in its HomeOwner Agreements until November or December 2019. Declaration of Randall Lehner, J.P.M.L Dkt.1-10 at ¶ 4. The named plaintiffs in the Colorado Action who do not have an applicable arbitration agreement entered into their Agreements in October 2018 and June 2019.

7. If the Colorado Action is consolidated into an MDL to determine, in part, the enforceability of Unison's arbitration agreement, it will not promote efficiency but rather cause needless delay that will prejudice the putative class and the named plaintiffs. The Colorado

Action alleges that Unison Agreements have and continue to significantly harm Plaintiffs and putative class members, in part, because the Agreements contain numerous provisions that severely limit their agency over their home during the Agreement and impose serious financial burdens. *E.g.*, J.P.M.L. Dkt. at ¶¶ 8, 172.

8. As examples, the Kanes, who are 70, cannot sell their home or downsize because they cannot afford to repay Unison. *Id.* at ¶¶ 206-09. The Williams relocated after Mr. Williams began a new job two hours away, and they anxiously await their "payoff amount" from Unison. *Id.* at ¶¶ 230, 231. Given the anticipated amount, the Willams are not sure they will be able to purchase another home in the future. *Id.* at ¶¶ 16, 231. Finally, Mr. Clayton will be in his 94-years-old when his Agreement terminates. *Id.* at ¶ 258. He wishes to remain in his home, and he worries how he will repay Unison when the time comes. *Id.*

9. Prior to and since the Colorado Action was filed, over a dozen Colorado residents contacted SSLLP about their Unison Agreements. Either myself, or a member of my team, personally spoke with nearly every one of these homeowners.

10. During conversations with these homeowners, they expressed concern about the control Defendants have over their homes under the Unison Agreements, and fear and frustration about whether they will be able to remain in their homes or pay Unison at the termination of the Agreement.

11. Based on these concerns, homeowners may need relief expeditiously, including potential interim relief. Transfer of the Colorado Action will only cause delay, particularly given the potential for resolution of subject matter jurisdiction issues upon transfer, as outlined in the Joint Opposition. Relief will be most expeditiously achieved by the putative class's home court,

which unquestionably has subject matter jurisdiction over plaintiffs' real property, and knowledge of available remedies under Colorado law.

**Plaintiffs' Counsel in the Underlying Actions Commit to Informal Coordination**

12. SSLLP does not believe an MDL is necessary here. As set forth below, SSLLP has been informally coordinating with plaintiffs' counsel for all actions identified in Defendants' Schedule of Related Actions at J.P.M.L. Dkt. 1-2. SSLLP is open and willing to coordinate on discovery with other plaintiffs' counsel and Defendants to avoid duplication of discovery efforts and to ensure the most efficient and timely administration of these cases. SSLLP believes that such informal coordination is particularly appropriate here and will be more efficient than formal consolidation where the operative facts are similar across the related actions and not significantly disputed between the parties.

13. In addition to the Colorado Action, SSLLP is co-counseling the Massachusetts Action with the National Consumer Law Center (NCLC), *Cuvellier, et al. v. Unison Agreement Corporation, et al*., Case No. 3:26-cv-30126-MGM (D. Mass), J.P.M.L. Dkt. 1-8, which is another putative class action Defendants seek to transfer and consolidate.

14. SSLLP is also co-counsel with AARP Foundation Litigation (AFL) in a public interest organization standing action pending in D.C. Superior Court, *NACA v. Unison, et al*., No. 2026-CAB-000955 (D.C. Super. Ct. Feb. 11, 2026). AFL is also counsel on *Evans v. Unison, et al.,* No. 1:26-cv-00999-RC (D.D.C.), J.P.M.L. Dkt. 1-9, another action Defendants seek to transfer and consolidate.

15. Given SSLLP's overlapping representation in several cases against Unison, coordinated discovery across actions can be effectively and efficiently achieved.

16. Furthermore, SSLLP is open and willing to participate in a governance structure of Plaintiffs' counsel to further facilitate coordination among the pending actions.

17. SSLLP does not believe that consolidation is appropriate or necessary for these cases to proceed efficiently.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and was executed in Washington, D.C. on the date set forth below.

Dated: September 8, 2026

Elizabeth Aniskevich