**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Unison "HomeOwner Agreement" Equity Option Contract, Marketing and Sales Practices Litigation | MDL No. 3201 |

**DECLARATION OF DAVID NAGDEMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR TRANSFER TO THE EASTERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. §1407**

I, David Nagdeman, hereby declare as follows:

1. I am a member of good standing of the New Jersey Bar and the Pennsylvania Bar. I am a partner at Langer, Grogan and Diver P.C. in Philadelphia, Pennsylvania. I have 7 years of experience as an attorney principally representing class actions in the areas of consumer protection, civil rights law, and antitrust law. I am one of Plaintiffs' counsel in *Santaniello v. Unison Agreement Corp.*, Case No. 2:26-cv-7117 (D.N.J.) ("New Jersey Action"), J.P.M.L. Dkt. at 1-7, one of the putative class actions that Defendants Unison Agreement Corp., Unison Investment Management, LLC, Real Estate Equity Exchange, Inc., Unison Midgard Holdings LLC, and Odin New Horizon Real Estate Fund LP (collectively "Defendants" or "Unison") seeks to have transferred and consolidated into a Multidistrict Litigation (MDL).

2. I have personal knowledge of the matters set forth herein and could and would testify competently about them if called upon to do so. This Declaration is submitted in support of Plaintiffs' Joint Opposition to Defendants' Motion for Transfer to the Eastern District of New York Pursuant to 28 U.S.C. § 1407 ("Joint Opposition").

**The New Jersey Action**

3. Plaintiffs filed the New Jersey Action on June 15, 2026, on behalf of themselves and a class of New Jersey residents with Unison HomeOwner Agreements. J.P.M.L. Dkt. 1-7.

4. The New Jersey Action raises claims under New Jersey state law and regulations, including the New Jersey Consumer Fraud Act, N.J.S.A. § 56:8-1 *et seq*., the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. § 56:12-14 *et seq.*, the New Jersey Home Ownership Security Act, N.J.S.A. § 46:10B-22 *et seq.*, and the New Jersey Residential Mortgage Lending Act, N.J.S.A. § 17:11C-51 *et seq.*

5. If the New Jersey Action is consolidated into an MDL in which the enforceability of Unison HomeOwner Agreement arbitration provisions is at issue, it will not promote efficiency, but rather cause needless delay that will prejudice plaintiffs. For example, the New Jersey Action alleges that Unison HomeOwner Agreements have and continue to harm Plaintiffs and putative class members, in part, because the agreements contain numerous provisions that prevent homeowners from having agency over their own homes. J.P.M.L. Dkt. at ¶¶ 143–146.

6. Based on these features of the Agreements, homeowners may need relief expeditiously, including potential interim relief. Transfer of the New Jersey Action will only cause delay, particularly given the potential for resolution of subject matter jurisdiction issues upon transfer, as outlined in the Joint Opposition. Relief will be most expeditiously achieved by the putative class's home court, which unquestionably has subject matter jurisdiction over plaintiffs' real property, and knowledge of available remedies under New Jersey law.

**Plaintiffs' Counsel in the Underlying Actions Commit to Informal Coordination**

7. I and my co-counsel do not believe an MDL is necessary here. As set forth below, I and my co-counsel have been informally coordinating with plaintiffs' counsel for all actions identified in Defendants' Schedule of Related Actions at J.P.M.L. Dkt. 1-2. We are open and willing to coordinate on discovery with other plaintiffs' counsel and Defendants to avoid duplication of discovery efforts and to ensure the most efficient and timely administration of these cases. We believe that such informal coordination is particularly appropriate here and will be more efficient than formal consolidation where the operative facts are similar across the related actions and not significantly disputed between the parties.

8. It is my understanding that several firms are acting as counsel on more than one case brought against Unison. Given this overlapping representation in several cases against Unison, coordinated discovery across actions can be effectively and efficiently achieved.

9. It is also my understanding that Goodwin Procter, LLP ("Goodwin") represents Defendants in the New York, Colorado, and Massachusetts Actions, J.P.M.L. Dkt. 1-5, 1-6, and 1-8. Although Goodwin has not yet entered an appearance in the New Jersey Action, it has organized at least one meet and confer and has expressed to my co-counsel and me that it intends to represent Defendants in this action.

10. Furthermore, I and my co-counsel are open and willing to participate in a governance structure of Plaintiffs' counsel to further facilitate coordination among the pending actions.

11. I and my co-counsel do not believe that consolidation is appropriate or necessary for these cases to proceed efficiently.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and was executed in Philadelphia, Pennsylvania on the date set forth below.

Dated: September 8, 2026

David Nagdeman