**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Unison "HomeOwner Agreement" Equity Option Contract, Marketing and Sales Practices Litigation | MDL No. 3201 |

**DECLARATION OF SHENNAN KAVANAGH IN SUPPORT OF PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTION FOR TRANSFER TO THE EASTERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. §1407**

I, Shennan Kavanagh, hereby declare as follows:

1. I am a member of good standing of the Massachusetts Bar and a senior staff attorney and the Director of Litigation at the National Consumer Law Center, Inc. (NCLC). I have devoted my entire legal career to consumer protection and serving the public interest and have 23 years of experience in complex consumer finance litigation. I am one of Plaintiffs' counsel in *Cuvellier, et al. v. Unison Agreement Corporation, et al.*, Case No. 3:26-cv-30126-MGM (D. Mass) ("Massachusetts Action"), J.P.M.L. Dkt. 1-8, one of the putative class actions that Defendants Unison Agreement Corp., Unison Investment Management, LLC, Real Estate Equity Exchange, Inc., Unison Midgard Holdings LLC, and Odin New Horizon Real Estate Fund LP (collectively "Defendants" or "Unison") seeks to have transferred and consolidated into a Multidistrict Litigation (MDL).

2. I have personal knowledge of the matters set forth herein and could and would testify competently about them if called upon to do so. This Declaration is submitted in support of Plaintiffs' Joint Opposition to Defendants' Motion for Transfer to the Eastern District of New York Pursuant to 28 U.S.C. § 1407 ("Joint Opposition").

**The Massachusetts Action**

3. Plaintiffs filed the Massachusetts Action on August 5, 2026, on behalf of themselves and a class of Massachusetts residents with Unison HomeOwner Agreements. J.P.M.L. Dkt. 1-8.

4. The Massachusetts Action raises claims under Massachusetts state law and regulations, including the Massachusetts Consumer Protection Act, G.L. c. 93A § 2, the Massachusetts Consumer Credit Cost Disclosure Act, G.L. c. 140D, § 1 *et seq.*, and Massachusetts laws governing mortgage lending and reverse mortgage lending, 940 C.M.R. § 8.01, G.L. c. 183 § 67, G.L. c. 167E §§ 7, 7A.

5. Plaintiffs have also brought a quiet title action under Massachusetts law, G.L. c. 240 §§ 6-10. Evidence necessary to prove the quiet title action is located in Massachusetts, including property deeds, tax payment records, land surveys and witnesses familiar with Plaintiffs' occupancy and use of their properties.

6. Neither of the named Plaintiffs in the Massachusetts Action have an applicable arbitration agreement in their Unison HomeOwner Agreements. As Unison acknowledges, it did not begin including arbitration clauses in its HomeOwner Agreements until November or December 2019. Declaration of Randall Lehner, J.P.M.L Dkt.1-10 at ¶ 4. The Massachusetts Action's named plaintiffs entered into their HomeOwner Agreements in 2017 and 2018.

7. If the Massachusetts Action is consolidated into an MDL in which the enforceability of Unison HomeOwner Agreement arbitration provisions is at issue, it will not promote efficiency but rather cause needless delay that will prejudice plaintiffs. For example, the Massachusetts Action complaint alleges that Unison HomeOwner Agreements have and continue to significantly harm Plaintiffs and putative class members, in part, because the agreements

contain numerous provisions that prevent homeowners from having agency over their own homes. *E.g.*, J.P.M.L. Dkt. 1-8, ¶¶ at 157, 185, 191. These provisions prevented Plaintiff Cuvellier from obtaining a loan to remodel her kitchen, and threaten to prevent Plaintiff Hills from obtaining a municipal loan to finance municipally-mandated remediations to his water system. *Id*., at 154, 181.

8. Prior to and since the Massachusetts Action was filed, NCLC and Singleton Schreiber, LLP have been contacted by a number of Massachusetts residents seeking help with their Unison HomeOwner Agreements. I have personally spoken to all of them with my co-counsel.

9. Like the named Plaintiffs, all of these homeowners expressed concern about the control Defendants have over their homes under the Unison HomeOwner Agreements, which has or threatens to prevent them from refinancing, remodeling, adding an addition, obtaining other loans, selling their homes and/or moving.

10. Based on these concerns, homeowners may need relief expeditiously, including potential interim relief. Transfer of the Massachusetts Action will only cause delay, particularly given the potential for resolution of subject matter jurisdiction issues upon transfer, as outlined in the Joint Opposition. Relief will be most expeditiously achieved by the putative class's home court, which unquestionably has subject matter jurisdiction over plaintiffs' real property, and knowledge of available remedies under Massachusetts law.

**Plaintiffs' Counsel in the Underlying Actions Commit to Informal Coordination**

11. NCLC does not believe an MDL is necessary here. As set forth below, NCLC has been informally coordinating with plaintiffs' counsel for all actions identified in Defendants' Schedule of Related Actions at J.P.M.L. Dkt. 1-2. NCLC is open and willing to coordinate on

discovery with other plaintiffs' counsel and Defendants to avoid duplication of discovery efforts and to ensure the most efficient and timely administration of these cases. NCLC believes that such informal coordination is particularly appropriate here and will be more efficient than formal consolidation where the operative facts are similar across the related actions and not significantly disputed between the parties.

12. NCLC is co-counseling the Massachusetts Action with Singleton Schreiber, LLP, which is also counsel on another putative class action Defendants seek to transfer and consolidate. *Kane, et al. v. Unison Agreement Corporation*, *et al.,* Case No. 1:26-cv-01444-GPG (D. Colo), J.P.M.L. Dkt. 1-6.

13. NCLC is also co-counsel in a putative class action pending in California state court, *Gout et al., v. Unison Agreement Corp., et al*, Case No. CGC-25-629062 (Super. Ct. San Francisco), with the Terrell Marshall Law Group, PLLC, one of plaintiffs' attorneys who have putative class actions subject to the Motion for Transfer, including *Coffin, et al. v. Unison Agreement Corp., et al*., Case No. 26-cv-01587-ENV-TAM (E.D.N.Y), Dkt. 1-5. Briefing on Defendants' demurrer in the *Gout* case is underway. The *Gout* case is not subject to Defendants' Transfer Motion.

14. In addition, NCLC is counsel in an individual case against Defendants pending in the Bankruptcy Court in the District of Colorado, which is not subject to Defendants' Transfer Motion. *Stone v. Unison Agreement Corporation, et al*., Adv. P. No. 24-01181-MER (Bankr. D. Colo.). This case is past the pleadings stage and well into discovery. On July 30, 2025, the Bankruptcy Court entered an order granting in part and denying in part the Unison Defendants' motion to dismiss, leaving Plaintiff's Colorado state law claims for unconscionability, the Colorado Consumer Protection Act, Colorado mortgage lending requirements, Colorado

Consumer Credit Code and Colorado's reverse mortgage requirements intact. *Stone v. Real Estate Equity Exchange, Inc., et al.*, 671 B.R. 752 (Bankr. D. Colo. 2025).

15. Given NCLC's overlapping representation in several cases against Unison – including, as appropriate, the California state court action – coordinated discovery across actions can be effectively and efficiently achieved.

16. Furthermore, NCLC is open and willing to participate in a governance structure of Plaintiffs' counsel to further facilitate coordination among the pending actions.

17. NCLC does not believe that consolidation is appropriate or necessary for these cases to proceed efficiently.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and was executed in Boston, Massachusetts on the date set forth below.

Dated: September 8, 2026

Shennan Kavanagh