**BEFORE THE UNITED STATES**
**JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: Unison "HomeOwner Agreement" Equity Option Contract, Marketing and Sales Practices Litigation | MDL No. 3201 |

**DECLARATION OF DAVID S. YELLIN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR TRANSFER TO THE EASTERN DISTRICT OF NEW YORK PURSUANT TO 28 U.S.C. §1407**

I, David S. Yellin, hereby declare as follows:

1. I am a member of good standing of the District of Columbia Bar and a lead attorney at AARP Foundation. I have been practicing law for approximately 15 years, including numerous class action cases and over 8 years in public interest litigation. I am one of Plaintiff's counsel in *Lilly V. Evans v. Unison Agreement Corporation, et al.*, Case No. 1:26-cv-00999-RC (D.D.C.), J.P.M.L. Dkt. 1-9, an individual action brought by Lilly V. Evans against Defendants Unison Agreement Corp., Unison Investment Management, LLC, Real Estate Equity Exchange, Inc., and Odin New Horizon Real Estate Fund LP (collectively "Defendants" or "Unison"), as well as Defendants Odin New Horizon General Partner, LLC, Vantage Point Title, Inc., and Ismael Casas Jr. Unison now seeks to transfer and consolidate the *Evans* case into a Multidistrict Litigation (MDL).

2. I have personal knowledge of the matters set forth herein and could and would testify competently about them if called upon to do so. This Declaration is submitted in support of Plaintiffs' Opposition to Defendants' Motion for Transfer to the Eastern District of New York Pursuant to 28 U.S.C. § 1407 ("Joint Opposition").

**The District Action**

3. Plaintiff filed the *Evans* case on February 5, 2026 in the Superior Court of the District of Columbia, and it was removed to the United States District Court for the District of Columbia on March 23, 2026. J.P.M.L. Dkt. No. 1-9.

4. The *Evans* complaint raises claims under District of Columbia law, including the D.C. Consumer Protection Procedures Act, D.C. Code § 28-3901, *et seq.*, the D.C. Mortgage Lender and Broker Act, D.C. Code § 26-1101, *et seq.*, and D.C. common law, including a claim for quiet title under D.C. law.

5. Ms. Evans does not have an arbitration agreement in her Unison HomeOwner Agreement. As Unison acknowledges, it did not begin including arbitration clauses in its HomeOwner Agreements until November or December 2019. Declaration of Randall Lehner, J.P.M.L Dkt.1-10 at ¶ 4. Ms. Evans entered into her HomeOwner Agreement in 2018.

6. The *Evans* case is an individual action and Ms. Evans does not purport to represent a class of similarly situated plaintiffs.

7. If the *Evans* case is consolidated into an MDL in which the enforceability of Unison HomeOwner Agreement arbitration provisions and class certification are at issue, it will not promote efficiency, but rather cause needless delay that will prejudice plaintiffs. For example, Ms. Evans is currently defending a foreclosure action, *Truist Bank ex rel. SunTrust Bank v. Lilly V. Evans*, No. 24-1465 (D.C. Super. Ct. Mar. 7, 2024). The Unison Deed of Trust is preventing Ms. Evans from negotiating a resolution to the foreclosure that would allow her to keep her home.

**Plaintiffs' Counsel in the Underlying Actions Commit to Informal Coordination**

8. AARP Foundation does not believe an MDL is necessary here. As set forth below, AARP Foundation has been informally coordinating with plaintiffs' counsel for all actions identified in Defendants' Schedule of Related Actions at J.P.M.L. Dkt. 1-2. AARP Foundation is open and willing to coordinate on discovery with other plaintiffs' counsel and Defendants to avoid duplication of discovery efforts and to ensure the most efficient and timely administration of these cases. AARP Foundation believes that such informal coordination is particularly appropriate here and will be more efficient than formal consolidation where the operative facts are similar across the related actions and not significantly disputed between the parties.

9. AARP Foundation is co-counseling a public interest organization standing action in D.C. Superior Court, *National Association of Consumer Advocates, Inc. v. Unison Agreement Corp., et al.*, No. 2026-CAB-000955 (D.C. Super. Ct. Feb. 11, 2026), with Singleton Schreiber, LLP, which is also counsel on two putative class actions that Defendants seek to transfer and consolidate: *Cuvellier, et al. v. Unison Agreement Corporation, et al.*, Case No. 3:26-cv-30126-MGM (D. Mass), J.P.M.L. Dkt. 1-8; and *Kane, et al. v. Unison Agreement Corporation*, *et al.,* Case No. 1:26-cv-01444-GPG (D. Colo), J.P.M.L. Dkt. 1-6.

10. Given AARP Foundation's overlapping representation in several cases against Unison, coordinated discovery across actions can be effectively and efficiently achieved.

11. Furthermore, AARP Foundation is open and willing to participate in a governance structure of Plaintiffs' counsel to further facilitate coordination among the pending actions.

12. AARP Foundation does not believe that consolidation is appropriate or necessary for these cases to proceed efficiently.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: September 8, 2026

David S. Yellin