# Exhibit
# - 4 -

JONATHAN A. SHAPIRO (SBN 257199)
**GOODWIN PROCTER LLP**
525 Market Street, Floor 32
San Francisco, California 94105
Tel.: +1 415 733 6202
Fax: +1 415 276 3064
*JShapiro@goodwinlaw.com*

MATTHEW S. SHELDON (*pro hac vice forthcoming*)
ISABEL M. MARIN (SBN 335691)
**GOODWIN PROCTER LLP**
1900 N Street, N.W.
Washington, D.C. 20036
Tel.: +1 202 346 4027
Fax: +1 202 204 7302
*MSheldon@goodwinlaw.com*
*IMarin@goodwinlaw.com*

Attorneys for Defendants

ELECTRONICALLY
**FILED**
*Superior Court of California, County of San Francisco*
**11/19/2025**
**Clerk of the Court**
**BY: ANNIE PASCUAL**
**Deputy Clerk**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

PATRICIA GOUT, on behalf of herself and all others similarly situated,

Plaintiff,

v.

UNISON AGREEMENT CORP., UNISON INVESTMENT MANAGEMENT, LLC, and REAL ESTATE EQUITY EXCHANGE, INC.,

Defendants.

Case No. CGC-25-629062

**NOTICE OF SUBMISSION OF PETITION FOR COORDINATION AND APPLICATION FOR ORDER STAYING ALL PROCEEDINGS PENDING CONSIDERATION THEREOF**

Judge: Hon. Rochelle East
400 McAllister Street
San Francisco, CA
94102

Complaint Filed: Sept. 11, 2025

TO EACH PARTY AND TO THE COUNSEL OF RECORD FOR EACH PARTY:

YOU ARE HEREBY NOTIFIED THAT on November 18, 2025, Defendants Unison Agreement Corp., Unison Investment Management, LLC, and Real Estate Equity Exchange Inc. in *Gout v. Unison Agreement Corp., et al.*, Case No. CGC-25-629062, Superior Court of California, County of San Francisco, submitted to the Chairperson of the Judicial Council a petition for coordination of this action with *Albert Scroggins v. Unison Agreement Corp., et al.*, Case Number Pending,[1] in the Superior Court of California, County of San Bernardino, and an application for order staying all proceedings pending consideration thereof. The petition requests assignment of a judge to determine whether coordination of these actions is appropriate. A copy of the Joint Petition for Coordination and Application for Order Staying All Proceedings Pending Consideration Thereof, along with all supporting documents, are attached hereto as Exhibits 1-3.

The names and addresses of counsel for petitioners are:

| | |
|---|---|
| Jonathan A. Shapiro (SBN 257199)<br>Goodwin Procter LLP<br>525 Market Street, Floor 32<br>San Francisco, California 94105 | Counsel for Defendants |
| Matthew S. Sheldon (*pro hac vice forthcoming*)<br>Isabel M. Marin (SBN 335691)<br>Goodwin Procter LLP<br>1900 N Street, N.W.<br>Washington, D.C. 20036 | Counsel for Defendants |

TO ANY PARTY INTENDING TO OPPOSE THE PETITION FOR COORDINATION: Pursuant to California Rules of Court, Rule 3.522(a)(4), any party intending to oppose the petition for coordination must serve and submit to the Chairperson of the Judicial Council written opposition at least nine court days before the hearing set in this matter. Any party receiving this Notice may request in writing, within five days after this notice is served, that the petitioner furnish copies of the petition and the supporting documents. Upon such timely request, petitioner will immediately provide copies of the Petition and supporting documents.

[1] Defendants learned of the Scroggins action on October 31, 2025. Counsel for Defendants contacted the San Bernardino Superior Court and was informed that docketing delays have prevented assignment of a case number to the Scroggins action.

Dated: November 19, 2025

Respectfully submitted,

By: /s/ *Jonathan A. Shapiro*

JONATHAN A. SHAPIRO
JShapiro@goodwinlaw.com
**GOODWIN PROCTER LLP**

Attorney for Defendants
UNISON AGREEMENT CORP., UNISON INVESTMENT MANAGEMENT, LLC, and REAL ESTATE EQUITY EXCHANGE, INC.

# DECLARATION OF SERVICE

*Patricia Gout v. Unison Agreement Corp., et al.*
San Francisco Superior Court Case No. CGC-25-629062

At the time of service I was over 18 years of age and not a party to this action. My business address is: 525 Market Street, Floor 32, San Francisco, CA 94105

On **November 19, 2025**, I served the following document on the person(s) below by attaching a true and correct copy by email:

**NOTICE OF SUBMISSION OF PETITION FOR COORDINATION AND APPLICATION FOR ORDER STAYING ALL PROCEEDINGS PENDING CONSIDERATION THEREOF**

| | |
|---|---|
| Beth E. Terrell, CSB No. 178181<br>Blythe H. Chandler, *Pro Hac Vice Forthcoming*<br>Elizabeth A. Adams, CSB No. 290029<br>TERRELL MARSHALL LAW GROUP PLLC<br>936 North 34th Street, Suite 300<br>Seattle, Washington 98103 | Counsel for Plaintiff Patricia Gout<br>Telephone: (206) 816-6603<br>Facsimile: (206) 319-5450<br>bterrell@terrellmarshall.com<br>bchandler@terrellmarshall.com<br>eadams@terrellmarshall.com |
| Jennifer Bennett, CSB No. 296726<br>Thomas Scott-Railton, *Pro Hac Vice Forthcoming*<br>GUPTA WESSLER LLP<br>505 Montgomery Street, Suite 625<br>San Francisco, California 94111 | Counsel for Plaintiff Patricia Gout<br>Telephone: (415) 569-6979<br>Facsimile: (202) 888-7792<br>jennifer@guptawessler.com<br>thomas@guptawessler.com |
| Andrew Kubik, CSB No. 246902<br>LAW OFFICE OF ANDREW J. KUBIK<br>10921 Derrydown Way<br>San Diego, California 92130-2898 | Counsel for Plaintiff Patricia Gout<br>Telephone: (619) 961-8987<br>ajk@andrewkubiklaw.com |
| Jaime Levine, CSB No. 201810<br>Caleb Logan, CSB No. 339434<br>ELDER LAW & ADVOCACY<br>5151 Murphy Canyon Road, Suite 110<br>San Diego, California 92123 | Counsel for Plaintiff Patricia Gout<br>Telephone: (858) 565-1392<br>Facsimile: (858) 810-6133<br>jlevine@elaca.org<br>clogan@elaca.org |
| Shennan Kavanagh, *Pro Hac Vice Forthcoming*<br>Jennifer Wagner, *Pro Hac Vice Forthcoming*<br>NATIONAL CONSUMER LAW CENTER<br>7 Winthrop Square, 4th Floor<br>Boston, Massachusetts 02110 | Counsel for Plaintiff Patricia Gout<br>Telephone: (617) 542-8010<br>Facsimile: (617) 542-8028<br>skavanagh@nclc.org<br>jwagner@nclc.org |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **November 19, 2025**, at San Francisco, California.

| | |
|---|---|
| Andrew W. Hudlow | Andrew W. Hudlow |
| (Type or print name) | (Signature) |

# EXHIBIT 1

JONATHAN A. SHAPIRO (SBN 257199)
**GOODWIN PROCTER LLP**
525 Market Street, Floor 32
San Francisco, California 94105
Tel.: +1 415 733 6202
Fax: +1 415 276 3064
*JShapiro@goodwinlaw.com*

MATTHEW S. SHELDON (*pro hac vice forthcoming*)
ISABEL M. MARIN (SBN 335691)
**GOODWIN PROCTER LLP**
1900 N Street, N.W.
Washington, D.C. 20036
Tel.: +1 202 346 4027
Fax: +1 202 204 7302
*MSheldon@goodwinlaw.com*
*IMarin@goodwinlaw.com*

Attorneys for Defendants

**CHAIRPERSON OF THE JUDICIAL COUNCIL**

**OF THE STATE OF CALIFORNIA**

| | |
|---|---|
| PATRICIA GOUT, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>v.<br><br>UNISON AGREEMENT CORP., UNISON INVESTMENT MANAGEMENT, LLC, and REAL ESTATE EQUITY EXCHANGE, INC.,<br><br>Defendants. | Judicial Council Coordination Proceeding No.<br><br>CLASS ACTION<br><br>**PETITION FOR COORDINATION AND APPLICATION FOR ORDER STAYING ALL PROCEEDINGS PENDING CONSIDERATION THEREOF**<br><br>San Francisco Case: CGC-25-629062 |
| ALBERT SCROGGINS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNISON AGREEMENT CORPORATION, REAL ESTATE EQUITY EXCHANGE, INC., UNISON INVESTMENT MANAGEMENT, LLC, ODIN NEW HORIZON REAL ESTATE FUND LP, ODIN NEW HORIZON GENERAL PARTNER, LLC, and DOES 1-10, inclusive,<br><br>Defendants. | San Bernardino Case: Case Number Pending |

TO THE HONORABLE PATRICIA GUERRERO, CHAIRPERSON OF THE CALIFORNIA JUDICIAL COUNCIL:

Pursuant to California Code of Civil Procedure section 404 and California Rules of Court ("CRC"), rule 3.521, Unison Agreement Corp., Unison Investment Management, LLC, Real Estate Equity Exchange, Inc., Odin New Horizon Real Estate Fund LP, and Odin New Horizon General Partner LLC, (jointly, "Petitioners") respectfully submit this request to the Chairperson of the Judicial Council for assignment of a judge to determine whether coordination of two related actions pending in different California courts is appropriate (the "Petition") and to stay the included actions pending consideration of the Petition.

This Petition is made on the grounds set forth in California Code of Civil Procedure section 404.1. One Judge assigned to hear all of the actions for all purposes in a selected site or sites will promote the ends of justice, particularly taking into account the relevant factors: (1) whether the common questions of fact or law are predominating and significant to the litigation; (2) the convenience of the parties, witnesses and counsel; (3) the relative development of the actions and the work product of counsel; (4) the efficient utilization of judicial facilities and manpower; (5) the calendars of the Court, the disadvantages of duplicative and inconsistent rulings, orders, or judgments; and (6) the likelihood of settlement of the actions without further litigation should the coordination be denied. These factors are more particularly set forth in the accompanying Memorandum of Points and Authorities, the Declaration of Jonathan A. Shapiro, and other supporting papers.

Each of the included actions is complex, as defined by the Judicial Council in California Rules of Court, rule 3.400, et seq. The included actions are as follows:

1. *Patricia Gout v. Unison Agreement Corp., et al.*, San Francisco Superior Court, Case No. CGC-25-629062.

2. *Albert Scroggins v. Unison Agreement Corp., et al.*, San Bernardino Superior Court, Case Number Pending.[1]

This Petition is brought on the grounds that coordinating these included actions before one

[1] Unison learned of the Scroggins action on October 31, 2025. Counsel for Unison contacted the San Bernardino Superior Court and was informed that docketing delays have prevented assignment of a case number to the Scroggins action. Shortly after October 31, counsel for Unison received an unfiled copy of the Scroggins complaint, which forms the basis of this coordination petition.

Judge for all purposes will promote the ends of justice for the following reasons:

a) The included actions are class actions, brought on behalf of what appear to be the same putative classes, against a common set of related defendants, based on a substantially uniform theory of liability, asserting heavily overlapping claims, and seeking substantially the same relief;

b) Coordination of the included actions would advance the convenience of the parties, witnesses, and counsel;

c) Coordination of the included actions before one Court will greatly reduce the burden of these complex actions which are currently pending before courts in two counties;

d) Coordination of the included actions before one Court will avoid the risk of duplicative or inconsistent rulings, orders, or judgments; and

e) Coordination of the included actions before one Court is necessary if there is to be any possibility of settlement.

Pursuant to Code of Civil Procedure section 404.5, Petitioners also request a stay of each of the included actions pending consideration of the Petition by the court. An immediate stay pending a determination of the Petition is necessary and appropriate to conserve judicial resources, eliminate the potential for any inconsistent rulings or proceedings, and promote the ends of justice.

This Petition is based upon the accompanying Memorandum of Points and Authorities, the Shapiro Declaration, and the exhibits attached thereto, filed concurrently herewith.

A hearing on this Petition is requested.

Dated: November 18, 2025

Respectfully submitted,

By:/s/ *Jonathan A. Shapiro*
Jonathan A. Shapiro
**GOODWIN PROCTER LLP**

Attorney for Defendants
UNISON AGREEMENT CORP., UNISON INVESTMENT MANAGEMENT, LLC, REAL ESTATE EQUITY EXCHANGE, INC., ODIN NEW HORIZON REAL ESTATE FUND LP, and ODIN NEW HORIZON GENERAL PARTNER, LLC

# EXHIBIT 2

JONATHAN A. SHAPIRO (SBN 257199)
**GOODWIN PROCTER LLP**
525 Market Street, Floor 32
San Francisco, California 94105
Tel.: +1 415 733 6202
Fax: +1 415 276 3064
*JShapiro@goodwinlaw.com*

MATTHEW S. SHELDON (*pro hac vice forthcoming)*
ISABEL M. MARIN (SBN 335691)
**GOODWIN PROCTER LLP**
1900 N Street, N.W.
Washington, D.C. 20036
Tel.: +1 202 346 4027
Fax: +1 202 204 7302
*MSheldon@goodwinlaw.com*
*IMarin@goodwinlaw.com*

Attorneys for Defendants

**CHAIRPERSON OF THE JUDICIAL COUNCIL**

**OF THE STATE OF CALIFORNIA**

| | |
|---|---|
| PATRICIA GOUT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNISON AGREEMENT CORP., UNISON INVESTMENT MANAGEMENT, LLC, and REAL ESTATE EQUITY EXCHANGE, INC.,<br><br>Defendants. | Judicial Council Coordination Proceeding No.<br><br><u>CLASS ACTION</u><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PETITION FOR COORDINATION AND APPLICATION FOR ORDER STAYING ALL PROCEEDINGS PENDING CONSIDERATION THEREOF**<br><br>San Francisco Case: CGC-25-629062 |
| ALBERT SCROGGINS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>UNISON AGREEMENT CORPORATION, REAL ESTATE EQUITY EXCHANGE, INC., UNISON INVESTMENT MANAGEMENT, LLC, ODIN NEW HORIZON REAL ESTATE FUND LP, ODIN NEW HORIZON GENERAL PARTNER, LLC, and DOES 1-10, inclusive,<br><br>Defendants. | San Bernardino Case: Case Number Pending |

Petitioners Unison Agreement Corp., Unison Investment Management, LLC, Real Estate Equity Exchange, Inc., Odin New Horizon Real Estate Fund LP, and Odin New Horizon General Partner LLC (collectively, "Defendants" or "Unison") submit this Memorandum of Points and Authorities in support of their Petition for Coordination and Application for Order Staying all Proceedings Pending Consideration Thereof (the "Petition").

## I. INTRODUCTION

This is a request to coordinate two substantially similar complex class action Complaints that have recently been filed in two different courts. The Complaints seek to represent the same putative classes concerning a consumer finance product offered by Unison, and are bringing nearly-identical causes of action.

The above-captioned putative class actions broadly challenge the sale and terms of Unison home equity option contracts, with the first-filed case pending before the Superior Court of California, County of San Francisco, as *Gout v. Unison Agreement Corp., et al.* ("Gout"), and with the second-filed action pending before the Superior Court of California, County of San Bernardino as *Scroggins v. Unison Agreement Corp., et al.* ("Scroggins").[1] Under these option contracts, Unison provides homeowners with large, upfront cash payments in exchange for the right to purchase an interest in their home in the future, which provides homeowners with immediate liquidity but without taking on the burden of additional debt and monthly payments. The named plaintiffs in both actions are homeowners who chose to enter into these contracts in 2017 and now challenge some of the contractual terms on similar grounds and using the same legal theories. Both plaintiffs seek to represent the same putative class of other California residents who also entered into these option contracts.

Unison requests: (1) coordination of the two related class actions currently pending in separate Superior Courts (for San Francisco and San Bernardino Counties); and (2) a stay of these actions

[1] Unison learned of the Scroggins action on October 31, 2025. Counsel for Unison contacted the San Bernardino Superior Court and was advised that, due to a docketing delay, court staff are still processing filings received in late October, and a case number has not yet been assigned to the Scroggins action. Shortly after October 31, an unfiled copy of the Scroggins complaint was provided to counsel for Unison, and the following facts and arguments are based upon that unfiled complaint.

pending resolution of this Petition.[2] As set forth below, coordination is appropriate pursuant to Code of Civil Procedure section 404, because these are two complex actions that share common questions of law and fact and because coordination will promote the ends of justice.

Specifically, both class actions are brought on behalf of the *same* putative class, against a *common* set of defendants (Unison entities and affiliates), challenging similar home equity contracts, based largely on the *same* factual predicate, and asserting *heavily overlapping* legal claims. Absent coordination, the parties will be called upon to duplicate efforts at every stage of pretrial litigation, unnecessarily consuming duplicative resources on the same legal issues, a predictably common set of discovery disputes, class certification, and other pretrial motion practice. Coordination will significantly reduce the time and expense necessary to prosecute and defend these parallel actions and plainly will conserve judicial resources. And, without coordination, all litigants with an interest in the dispute will face the risk of inconsistent rulings and case administration presented by the separate but parallel litigation of substantially the same case before different courts. This risk is particularly acute in putative class actions, which could (if certified) involve adjudicating the interests and potential claims of absent class members and where conflicting rulings and outcomes that could be costly for the parties, waste judicial resources and undermine public confidence in the judiciary.

Finally, Unison submits that the coordinated cases should be assigned to the Superior Court of California, County of San Francisco, where the first action (*Gout*) was filed and where Unison has its headquarters, and that both cases be stayed pending consideration of this Petition pursuant to Code of Civil Procedure section 404.5 and California Rules of Court ("CRC"), rule 3.515.

---

[2] Although one action includes two additional defendants, the added defendants in the second action are Unison affiliates. The two actions filed in state courts are as follows:

(1) *Patricia Gout, on Behalf of Herself and All Others Similarly Situated v. Unison Agreement Corp., Unison Investment Management, LLC, and Real Estate Equity Exchange, Inc.*, filed in the Superior Court of California, County of San Francisco, No. CGC-25-629062, (the "Gout Action"); and

(2) *Albert Scroggins, Individually and on Behalf of All Others Similarly Situated v. Unison Agreement Corporation, Real Estate Equity Exchange, Inc., Unison Investment Management, LLC, Odin New Horizon Real Estate Fund LP, Odin New Horizon General Partner, LLC, and Does 1-10, Inclusive*, filed in the Superior Court of California, County of San Bernardino, Case Number Pending, (the "Scroggins Action").

## II. STATEMENT OF FACTS AND PRIOR PROCEEDINGS

On September 11, 2025, Plaintiff Patricia Gout filed her complaint in the Superior Court of California, County of San Francisco. On or around October 31, 2025, Plaintiff Albert Scroggins filed his complaint in the Superior Court of California, County of San Bernardino. Both plaintiffs entered into option contracts with Unison in 2017. Each action is a class action and, therefore, presumptively complex.[3] *See* Matthew Bender & Co., *California Class Actions & Coordinated Proceedings* § 9.01 (2d ed. 2025) ("Cases deemed provisionally complex under [the] California Rules of Court . . . involve . . . class actions[.]").

Both complaints allege that Unison uniformly harmed homeowners in the disclosure and sale of the option contracts, with the terms of the product themselves allegedly violating California law. Both cases assert claims under California's Unfair Competition Law (Cal. Bus. & Prof. Code §§ 17200, *et seq.*) (the "UCL")—predicated on violations of the California Finance Code and Civil Code—and California Elder Abuse law (Cal. Welf. & Inst. Code § 15610.30).[4] Both complaints broadly seek the same remedies, in particular, declaratory relief and injunctive relief. Both plaintiffs seek to represent an alleged class of those in California who entered into these contracts with Unison. Unison expects to raise identical—or where not identical, substantially identical—defenses to both actions, such as challenging each claim on the merits, pressing facially obvious statute of limitations defenses and challenging the appropriateness of class certification, including because any putative class members with timely claims executed arbitration agreements that include class action waivers.

## III. ARGUMENT

Coordination of civil actions sharing a common question of fact or law is appropriate if "one judge hearing all of the actions for all purposes . . . will promote the ends of justice." Cal. Code Civ. Proc. § 404.1. To determine whether coordination will "promote the ends of justice," the coordination

---

[3] The parties in *Gout* have already filed a Joint Application for Complex Designation. *See* Shapiro Decl., ¶ 8.

[4] The complaint in the Gout Action also alleges that Unison violated the California prohibitions against usury and that Unison's agreements with homeowners were unconscionable contracts. *See* Shapiro Decl., ¶ Ex. A. The complaint in the Scroggins Action additionally alleges that Unison engaged in fraudulent misrepresentation and unjust enrichment, and requests remedies including rescission, quiet title, and declaratory relief. *See* Shapiro Decl., ¶ Ex. B.

motion judge should consider the factors set forth in the Code of Civil Procedure section 404.1. These factors are: (1) "whether the common question of fact or law is predominating and significant to the litigation;" (2) "the convenience of parties, witnesses, and counsel;" (3) "the relative development of the actions and the work product of counsel;" (4) "the efficient utilization of judicial facilities and manpower;" (5) "the calendar of the courts;" (6) "the disadvantages of duplicative and inconsistent rulings, orders, or judgments;" and (7) "the likelihood of settlement of the actions without further litigation should coordination be denied." *Id*. Unison respectfully submits that all of these factors weigh in favor of coordination.

Furthermore, CRC, rule 3.530 provides that "[i]f a petition for coordination is granted, the coordination motion judge must, in the order granting coordination, recommend to the Chair of the Judicial Council a particular superior court for the site of the coordination proceedings" based on enumerated factors including the location of witnesses, the parties' principal place of business, and the efficient use of judicial resources. These factors strongly weigh in favor of the coordinated actions being litigated in San Francisco County.

Lastly, CRC, rule 3.515(a) provides that a "motion for a stay may be included with a petition for coordination" and California Code of Civil Procedure section 404.5 authorizes the judge making the determination on whether coordination is warranted to "stay any action being considered for, or affecting any action being considered for, coordination." Unison has included a motion for stay along with its Petition, and requests that a stay be granted in the Gout and Scroggins Actions during consideration of the Petition.

**A. The Cases Pending Against Unison Should Be Coordinated**

These parallel class action cases are textbook examples of those appropriate for coordination. *See* CRC rules 3.502, 3.400; Shapiro Decl., ¶ 11. As noted, these are presumptively "complex" class actions, with both cases:

1) Brought on behalf of the same alleged plaintiff class;
2) Against related defendants;
3) Grounded in a common theory of liability, with heavily overlapping legal claims;

4) Triggering a common set of defenses;

5) Calling for duplicative discovery and motion practice; and

6) Currently at the same early stage procedurally, with Unison having not yet responded to either complaint.

**1. The Cases Have Factual and Legal Issues Central to the Litigation, Including That All Plaintiffs and Class Members Entered into Option Contracts and Are Suing a Common Set of Related Defendants**

As noted, *Gout* and *Scroggins* are extraordinarily similar, brought on behalf of what appear to be the same putative classes, against a common set of related defendants, based on a substantially uniform theory of liability, asserting heavily overlapping claims, and seeking substantially the same relief.

Although common questions of law or fact do not predominate as to the individual putative class members, the actions themselves share some common questions of law and fact, including:

1) Whether Unison violated the UCL, Elder Abuse law, and other provisions of California law with respect to the option contracts;

2) Whether the claims brought by the plaintiffs in both actions are barred by the statute of limitations;

3) Whether class certification is appropriate, including whether certification is appropriate in light of the arbitration agreements and class action waivers signed by putative class members who executed option contracts with Unison after the named plaintiffs entered into their agreements with Unison;

4) Whether, as both plaintiffs incorrectly allege, option contracts are subject to the same regulations and restrictions as traditional mortgages and/or reverse mortgages under California law; and

5) Whether, even if liability could be established, the requested declaratory and injunctive relief would be appropriate.

Coordination is appropriate, and indeed pragmatic, even where the overlap between the cases is not nearly as substantial as it is here. *See McGhan Med. Corp. v. Superior Ct.*, 11 Cal. App. 4th 804, 813-14 (1992) ("While the products are several and differ in terms of manufacture, design, and

content, they are all similar in that they relate to breast implant devices. The causes of action in most of the complaints are uniform[.]").

**2. The Convenience of the Parties, Witnesses and Counsel**

The convenience of witnesses, parties, and their lawyers will benefit by coordination of the actions. Litigating these two actions separately will involve duplicative discovery of Unison's policies and practices. Plaintiffs will also likely seek substantially similar depositions of Unison's corporate representatives and other witnesses. The parties no doubt will file dispositive motions regarding predominantly common factual and legal issues in both of the complaints. Coordination will avoid redundant efforts by counsel and demands on the parties and witnesses. Additionally, any minimal inconvenience to one of the plaintiffs presented by coordinating the two actions in one site may be mitigated by the use of modern technology. *See Ford Motor Warranty Cases*, 11 Cal. App. 5th 626, 643 (2017) (holding that the inconvenience of frequent travel may be mitigated by technology such as video calls and electronic filings).

**3. Development of the Actions and the Work Product of Counsel**

In both actions plaintiffs have, to date, filed their complaints, and the deadline has not yet come for Unison to respond. Accordingly, there have been no substantive rulings in any of the cases that will impact the remaining claims. However, because the alleged claims asserted are substantially similar, and the defenses accordingly will be heavily duplicative, the work product of all parties will likely be substantially similar. Indeed, in addition to anticipated merits defenses (for example, that the terms of the Unison contracts were fairly disclosed and willingly agreed to, and are not "loans" or "debt" as a matter of law), both named plaintiffs are subject to obvious statute of limitations defenses (they are challenging terms apparent on the face of contracts signed eight years ago). Class certification motion practice will also need to address the same challenges presented by the very large subset of the alleged class that signed binding arbitration agreements with class action waivers, among other certification defenses.

Unison is represented by the same counsel in both cases. Counsel for plaintiffs face the same or similar discovery challenges and motion practice, and no doubt can coordinate their efforts on behalf

of the same putative class in an efficient manner acceptable to the Court. Accordingly, this factor highly favors coordination.

**4. Efficient Utilization of Judicial Resources**

Coordination would be an efficient utilization of judicial resources. In light of the common defendants, the common allegations, and the inevitable overlapping of effort if these cases were to be handled separately, using the resources of one court to deal with these cases will promote judicial economy. *See McGhan Med. Corp.*, 11 Cal. App. 4th at 813 ("One of the purposes . . . of a centralized coordinating authority is to vest in one administrator the power to organize the litigation in an efficient and equitable manner, for the benefit of all."). To proceed otherwise would be uneconomical and would lead to additional work, increased expense, and an unnecessary taxing of the courts' limited time and resources. Common sense dictates that the expeditious handling of these matters would be best accomplished by coordinating these actions instead of permitting multiple courts to handle these matters in a piecemeal fashion.

**5. The Disadvantages of Duplicative and Inconsistent Rulings, Orders, or Judgements**

In cases like these, where there are common defendants and overlapping issues, there is an inherent risk of inconsistent rulings. Consistent rulings are particularly important in class action litigation because these cases may affect the rights of class members who are not directly involved. When courts issue conflicting decisions in such cases, it wastes judicial resources, undermines public confidence in the judiciary, and creates uncertainty not only for these absent members but also for the parties actively litigating the case and the courts handling them. Coordination of these actions will ensure consistent and uniform rulings regarding discovery matters, motions on the pleadings, and issues of fact and law.

**B. The Cases Should be Assigned to the Superior Court of California, County of San Francisco**

Unison respectfully requests that the coordinated cases be assigned to the Superior Court of California, County of San Francisco, which is presiding over the first-filed *Gout* action and sits in the same county as Unison's headquarters. *See* CRC, rule 3.530(a) ("If a petition for coordination is

granted, the coordination motion judge must, in the order granting coordination, recommend to the Chair of the Judicial Council a particular superior court for the site of the coordination proceedings.”). CRC, rule 3.530(b) sets out relevant factors in considering the appropriate site for the coordinated litigation:

1) The number of included actions in particular locations;
2) Whether the litigation is at an advanced stage in a particular court;
3) The efficient use of court facilities and judicial resources;
4) The locations of witnesses and evidence;
5) The convenience of the parties and witnesses;
6) The parties’ principal places of business;
7) The office locations of counsel for the parties; and
8) The ease of travel to and availability of accommodations in particular locations.

Unison believes the actions should be assigned to the Superior Court of California, County of San Francisco. Here, the key relevant considerations for coordination are the locations of the witnesses and evidence, the convenience of the parties and witnesses, the parties’ principal places of business, and the ease of travel. All of these factors significantly favor San Francisco County being selected as the coordinating location.

First, as to Unison and its likely witnesses, Unison’s nationwide headquarters—where its corporate representatives and most of its likely witnesses work—is in San Francisco. *See* Shapiro Decl., ¶ 10. Due to the location of their offices and where their employees reside, Unison believes it will be easier to accommodate any necessary travel within San Francisco County than it would be if its personnel were to Southern California. Therefore, San Francisco is the most logical location for the coordinated actions.

Additionally, there are no factors that weigh against coordination in San Francisco. There is only one action pending in each of the two counties; litigation is at the same stage in both actions; factors relating to the use of court facilities and judicial resources do not favor either venue; the law firms involved in both actions maintain national practices; and San Francisco does not pose any undue

travel or accommodation issues (in fact, as noted above, it is on balance the most accommodating travel location after accounting for the location of all parties, their lawyers, and potential witnesses).

**C. The Two Cases Should Be Stayed Pending Consideration of the Petition**

Given the foregoing, Unison submits that a stay is warranted pursuant to Code of Civil Procedure section 404.5 and CRC, rule 3.515, *et seq.*, so that judicial and party resources are conserved. Thus, Unison respectfully requests an immediate stay of the two actions pending assignment to a coordination motion judge and determination of the Petition.

The Judicial Council, and/or a presiding judge assigned to determine whether and where coordination is appropriate, is authorized to order a stay of all affected proceedings while considering a petition for coordination. *See* Cal. Code Civ. Proc. § 404.5 ("Pending any determination of whether coordination is appropriate, the judge making that determination may stay any action considered for, or affecting an action being considered for, coordination"); *see also* CRC, rule 3.515(a) ("The motion for a stay may be included with a petition for coordination . . . ."). In ruling on an Application for Stay Order, the coordination motion judge must determine whether a stay will "promote the ends of justice," considering the imminence of any proceeding that might materially affect the status of the actions to be stayed. CRC, rule 3.515(f).

Here, an immediate stay pending a determination of the Petition will conserve judicial resources and eliminate the potential for any inconsistent rulings or proceedings. The actions are currently in the same procedural stage, with Unison having not yet responded to the complaints. However, the filing of complaints in both actions has already triggered different response deadlines, and Unison believes that a stay of all such proceedings is necessary to allow for the coordination procedure to be considered and effected. Without a stay, the courts might set different pretrial and discovery deadlines and issue inconsistent rulings regarding potential responsive pleadings and the timing and scope of discovery. *See* Shapiro Decl., ¶ 12.

## IV. CONCLUSION

For the reasons stated above, Unison respectfully requests that these two actions be coordinated, that a coordination motion judge recommend the case be assigned to the Superior Court of California,

County of San Francisco, and that a stay be issued for both actions pending determination of the Petition.

Dated: November 18, 2025

Respectfully submitted,

By: /s/ *Jonathan A. Shapiro*
Jonathan A. Shapiro
**GOODWIN PROCTER LLP**

Attorney for Defendants
UNISON AGREEMENT CORP., UNISON INVESTMENT MANAGEMENT, LLC, REAL ESTATE EQUITY EXCHANGE, INC., ODIN NEW HORIZON REAL ESTATE FUND LP, and ODIN NEW HORIZON GENERAL PARTNER, LLC